

**FILED**

**JAN 2 2 2020**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

1   Mark Aussieker
2   8830 Olive Ranch Lane
    Fair Oaks, CA 95628
3   Phone: 916-705-8006
    aussieker1@gmail.com
4
    *in pro per*
5
                    UNITED STATES DISTRICT COURT
6
                    EASTERN DISTRICT OF CALIFORNIA
7

8   MARK AUSSIEKER,                    No. **2: 20 - CV - 1 5 7 TLN AC PS**

9              Plaintiff,

10     v.                              **COMPLAINT FOR DAMAGES**
                                       Trial by Jury not requested
11  Curtis Kindred, Inc, JOHN E FOX JR
12  Defendant(s)

13  :

14
15      1.      Plaintiff Mark Aussieker ("Plaintiff" or "Mr. Aussieker") brings this action to enforce

16  the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227,

17  a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of

18  intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745

19  (2012).

20      2.      The Defendants have placed telemarketing calls to a telephone number Mr. Aussieker

21  owned without consent.

22      3.      This Complaint also relates to the Defendants making telemarketing calls to individuals

23  in the absence of any "do not call" policy or training, as well as making such calls to individuals who

24  previously indicated that they did not want to receive telemarketing calls when they registered their

25  number on the national do not call registry.

26                          **PARTIES**

27      4.      Plaintiff Mark Aussieker is an individual and resident of the state of California, and this

28

1

District.

5.      Defendant Curtis Kindred, Inc. , ("Security") is a Texas corporation.  CURTIS KINDRED INC is a "person" as defined by 47 US.C. § 153 (39).

6.      Defendant JOHN E FOX JR  ("MR FOX") is a natural person and resident of California.

7.      Curtis Kindred, Inc. is a licensed alarm company by the State of California. They have an alarm license (#7331) issued to CURTIS KINDRED ISS LLC DBA AMERICAN DEFENSE SYSTEMS. CURTIS KINDRED ISS LLC is a texas LLC which converted into Curtis Kindred, Inc October 23, 2014.  This is according to the Texas secretary of state.  Plaintiff sues the entity that converted to CURTIS KINDRED INC

## Jurisdiction & Venue

8.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this lawsuit.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

11.     This Court has personal jurisdiction over the parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his contact with Defendants from California.

## TCPA Background

12.     TCPA Background In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2

13. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47C.F.R. § 64.1200(c)(2).

15. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

16. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. Id.

17. Any person whose receives any phone in violation 47 U.S.C. § 227(b)(1)(A) can sue the violator and seek statutory damages. 47 U.S.C §227(b)(3)(B). This is commonly refered to as the auto dialer statue or ATDS.

18. 47 U.S.C. § 227(b)(1)(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the federal government."

19. Automatic Telephone Dialing System, which the statute defines as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 USC 227(a)(1). Notwithstanding this limited definition, the Ninth Circuit ruled in Marks v. Crunch San Diego, LLC that an ATDS means more than

1   what the statute says. The question is whether, in order to be an ATDS, a device must dial numbers

2   generated by a random or sequential number generator or if a device can be an ATDS if it merely dials

3   numbers from a stored list."

4       20.    The Court answered in the affirmative merely that if the dialer dials numbers from a

5   stored list, it is considered an ATDS. Marks decision is now the law of the land in the 9th circuit as of

6   February 19th 2019 after the parties settled.

7       21.    All a plaintiff needs to show is that a call or text message was made using an auto dialer

8   to a number assigned to cellular service, or that the calling party was charged for the call.  In this case,

9   plaintiff received calls sent to his cellular phone.

10      22.    In Sengenberger v. Credit Control Services, Inc[1]., the court held that "intentionally"

11  making phone calls that violated the TCPA was sufficient to warrant treble damages because "although

12  neither the TCPA nor the FCC regulations define the terms 'willfully or knowingly'...courts have

13  generally interpreted willfulness to imply only that an action was intentional. Further, Sengenberger

14  noted that while the TCPA does not define willful, the Communications Act of 1943, of which the TCPA

15  is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective

16  of any intent to violate any provision[ ], rule or regulation."

17
18  **Factual Allegations**

19      23.    Plaintiff MARK AUSSIEKER's phone number ending in 8006 is a cellular phone.

20      24.    Plaintiff MARK AUSSIEKER's phone number ending in 8006 was added to the Do Not

21  Call list in February 2003. SEE EXHIBIT A

22      25.    Plaintiff has maintained the same cell phone ending in 8006 continuously since 2002.

23      26.    PLAINTIFF does not have a "landline" and primarily uses his cell phone as his home

24  phone. He is a residential subscriber.   He pays the phone bill with personal funds.

25      27.    CURTIS KINDRED INC holds them self out to be in the business of selling and

26  installing home alarms.

27

---

28  [1] SENGENBERGER v. CREDIT CONTROL SERVICES, INC. (N.D.Ill. 5-5-2010)

4

28.     MR FOX holds the title of "Qualified Manager"  MR FOX has a duty per CA Business and Professions code 7594.2 Every licensed business, including registered branch offices, shall be under the active charge of a qualified manager   A licensee shall at all times be responsible for ascertaining that his or her employees subject to registration are currently registered or have made proper application for registration as provided in this article. The licensee may not have in his or her employment a person whose registration has expired, or been revoked, denied, suspended, or canceled 7598.16.

29.     The person acting as a qualified manager shall share equally with the licensee the responsibility and any liability for the conduct of the business of the licensee and the actions of the employees and other personnel of the licensee.  See CA Business and Professions code 7536 (c).

30.     One of Defendants strategies for marketing its services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff.

31.     Defendant CURTIS KINDRED INC, is a licensed alarm company and is allowed to sell alarms by and through its employees.

32.     Plaintiff compiled a chart of the calls sent to his cell phone.

| Date | Time (Pacific) | Caller id | ATDS | Pre-recorded message | DNC |
|------|----------------|-----------|------|----------------------|-----|
| 11/30/2019 | 9:45 am | 916-705-8357 | YES | YES | YES |
| 01/08/2020 | 9:38 am | 916-705-1615 | YES | YES | YES |
| 01/17/2020 | 11:59 AM | 916-705-3564 | YES | YES | YES |
| 01/21/2020 | 12:17 pm | 916-755-0134 | NO | NO | YES |

33.     DEFENDANTS caused 3 telephone calls to be made to Plaintiffs cell phone number that were made with an auto dialer and to a number listed on the do not call registry.  Each time the Defendant called, the caller id displayed was spoofed to be a non-working telephone number.

34.     DEFENDANTS willfully and knowingly made the phones calls. Upon information and

5

1    belief the defendant used an ATDS, as evidenced by a perceptible delay, an audible beep before the caller

2    came on the call, and the spoofing of a number which is indicative of the defendant's awareness that their

3    conduct is violative of various relevant laws and regulations including ATDS regulations.

4         35.    The 1st call came through at 11/30/2019 at 9:45AM. The caller id was spoofed to a non

5    working "neighborhood number" which closely resembled plaintiffs own telephone number to trick

6    plaintiff into answering. Plaintiff heard a pre-recorded message about home security before an avatar

7    came on to the call and began to ask qualification questions. Avatars are pre-recorded messages[2].

8    Plaintiff was on vacation eating a family breakfast and did not have time to deal with the call and hung

9    up.

10

11       36.    The 2nd call came through on 01/08/2020 at 9:38 am and displayed 916-755-0134

12   Again, the caller id was spoofed to a non working "neighborhood number" which closely resembled

13   plaintiffs own telephone number to trick plaintiff into answering.

14       37.    The 3rd call came through on 01/17/2020 at 9:38 am and displayed 916-705-3564

15   Again, the caller id was spoofed to a non working "neighborhood number" which closely resembled

16   plaintiffs own telephone number to trick plaintiff into answering. Plaintiff heard a pre-recorded message

17   about home security before an avatar came on to the call and began to ask qualification questions.

18   Avatars are pre-recorded messages. Plaintiff feigned interest in the call and a sales rep came on to the

19   phone line who recognized Plaintiff from the 2nd call. He identified the company as American Defense

20   Systems and scheduled an install for 01/21/2020.

21       38.    The last call came through on 01/21/2020 at 9:38 am and displayed 916-705-3564. The

22   company spoofed the Caller ID to non-working telephone numbers which is against the regulations

23   codified at 47 CFR 64.1601(e). The requirements are promulgated under 227(c) and therefore

24   violations fall under the 227(c).

25

26       39.    On 01/21/2020- Zack Estes contacted plaintiff informing him that he was assigned to

27   install the security system. Zack told Plaintiff that the Sales rep responsible for the contract he was

28   [2] UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMANov 5, 2019Case No.
     CIV-17-0383-F (W.D. Okla. Nov. 5, 2019)

1    installing was Ali Mehri.

2        40.    While Zack the installer was at Plaintiffs house, a representative from American Defense

3    Systems called from (817) 900-8457 to plaintiff to apologize for Ali Mehri because Ali had not included

4    all the proper paperwork for an installation.  The representative confirmed that ALI worked American

5    Defense Systems and stated he worked from the Texas office.

6        41.    Plaintiff could not find any record of Ali Mehri being licensed as employee of Defenant,

7    but it is possible to have the wrong spelling of his name.

8        42.    Only an Alarm Agent who is employed by an alarm company operator can sell, install,

9    monitor, maintain, service, or respond to alarm systems or to supervise such actions[3].  In the event the

10   DEFENDANT hired a vendor or 3rd party to make sales, Defendants delegated a non-delegable duty and

11   thus are responsible for the parties actions.  Furthermore, MR. FOX had a duty to oversee the California

12   Branch office, and was responsible for ascertaining that his or her employees subject to registration are

13   currently registered.  Failing to do so, while accepting the benefits is being willfully ignorant and thus

14   vicariously liable for the actions of the callers.

15

16       43.    Defendants leveraged the economic benefit of an automatic dialer at Plaintiffs

17   expense. The use of a neighborhood spoofed numbers is indicative that an auto dialer was used. The

18   calls also had a delay before a pre-recorded message played which is also indicative that an ATDS

19   was used.

20       44.    Defendant's calls constituted calls that were not for emergency purposes as defined by

21   47 U.S.C. § 227(b)(1)(A).

22       45.    During all relevant times, Defendant did not possess Plaintiff's "prior express consent"

23   to receive calls using an automatic telephone dialing  pursuant to 47 U.S.C. § 227(b)(1)(A).  The calls are

24   impersonal advertisements: they do not address Plaintiff personally and they are only meant to generate

25   calls to Defendant business.

26

27       46.    Plaintiff declares that he had never heard of CURTIS KINDRED ISS LLC, visited any

28   [3] https://www.bsis.ca.gov/forms_pubs/alarm_fact.shtml#fn7

7

1   location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular

2   telephone numbers to said Defendant or consented to receive calls from Defendant. Plaintiff also has had

3   no prior business relationship with Defendant. Plaintiff had no reason to be in contact with Defendants,

4   nor had he ever previously purchased any kind of product or service

5       47.     Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were

6   attempts to promote or sell Defendant's alarm monitoring services.

7       48.     The only requirement to enforce the TCPA is the indentify of the party responsible for

8   the calls.

9       49.     Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity

10  for answering the call, decreased battery life,  the nuisance of receiving a telephone call and having to

11  wait for the other party to pick up the phone, defendants bothering him with unrequested solicitations.

12

13                          CAUSES OF ACTION

14                              **COUNT 1**

15      **Violation of the Telephone Consumer Protection Act, 47 U.S.C.**

16      **§227(c)(5)** – Telemarketing Solicitations to National Do Not Call Registrants

17      50.     Defendant placed 3 telemarketing calls to the Plaintiff.

18      51.     Defendant did so despite the fact that the Plaintiff previously listed his telephone on the

19  national do not call registry, which makes the calls violative of 47 C.F.R. §64.1200(c)(2).

20      52.     Defendant did so despite not training its personnel on the existence or use of any internal

21  "do not call" list which is a violation of 47 C.F.R. §64.1200(c)(2).

22      53.     Defendant failed to provide a copy of its internal do not call policy to plaintiff,

23  Defendant did so despite 47 C.F.R. §64.1200(d)(1).

24      54.     Accordingly, Plaintiff is entitled to an award of $500 in statutory damages for each

25  violative telephone call pursuant to 47 U.S.C. § 227(c)(5).  Defendant violated multiple regulations

26  promulgated under 47 U.S.C. § 227(c)(5)(B).

27

28

                                    8

55.   Plaintiff s entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5)(C).

## COUNT 2

### Violation of the Telephone Consumer Protection Act, 47 U.S.C.

### §227(b)(1)(A)(iii) – Auto Dialer

56.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

57.   Defendant's own conduct (by placing a Call to Plaintiff's telephone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation. In the alternative, Defendant's own conduct (by placing a Call to Plaintiff's telephone which played a pre-recorded message, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(A)(iii)

58.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Curtis Kindred, Inc, JOHN E FOX JR for the following:

59.   Injunctive relief prohibiting such violations of the TCPA by Defendants in the future.

60.   For an order finding for plaintiff in all counts.

61.   For an order finding the defendant knowingly and willfully violated TCPA

62.   An award of $500 per call for the 1st 3 calls which amounts to $1,500 in statutory damages as prescribed under 47 U.S.C. § 227(c)(5)(B).   This amount be tripled to $4,500 as prescribed

1    under 47 U.S.C. § 227(c)(5)(C).

2        63.    An award of $500 per call for the 1st 3 calls which amounts to $1,500 in statutory

3    damages as prescribed under 47 U.S.C. § 227(b)(3)(B) This amount be tripled to $4,500 as prescribe

4    under 47 U.S.C. § 227(b)(3)(C)

5        64.    TCPA intentional violations jointly and severally against the corporation and

6    individual for the 4 calls.

7        65.    Any other relief the court deems proper.

8

3.
9    Respectfully Submitted this 21st Day of January, 2020.

10

11

12

13   Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to
     the best of my knowledge, information, and belief that this complaint: (1) is not being presented

14   for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
     cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending,

15   modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if
     specifically so identified, will likely have evidentiary support after a reasonable opportunity for

16   further investigation or discovery; and (4) the complaint otherwise complies with the

17   requirements of Rule 11.I agree to provide the Clerk's Office with any changes to my address
     where case-related papers may be served. I understand that my failure to keep a current address

18   on file with the Clerk's Office may result in the dismissal of my case.
     Date of signing: 22nd Day of January, 2020.

19   Signature of Plaintiff

20   Printed Name of Plaintiff _Mark Aussieker_____

21

22

23

24

25

26

27

28

10

1

# EXHIBIT A

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 **Mark Aussieker <aussieker1@gmail.com>**

## National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>                    Thu, Sep 5, 2019 at 3:16 PM
To: aussieker1@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 8006 on June 28, 2003. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

*********************************************************************************************************************************
******

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.